Good morning, your honors. My name is Ben Coleman. I represent the appellant Patrick Jones. I'm going to watch the clock and do my best to save some time for rebuttal. What I'd like to do is start off with this court's 1988 decision in Cantor, because I think if the scope of that decision is clarified, then both this court's, the prior panel's decision in this case, as well as the government's procedural objections are more easily addressed. And then I would like to get to the heart of the constitutional claim that I've made, which I believe is a more difficult question, but I also believe is an important question. In 1988, this court decided Cantor. And I want to make it clear that Cantor does not address the issue that I am now raising. And to make it clear, we are now making a sentencing claim. I'm not – I lost the conviction claim at the last appeal. I recognize that. The claim now is that the 15-year mandatory minimum sentence and the other sentencing exposure that comes along with the conviction is unconstitutional, that it violates the Fifth and Eighth Amendments. Now, Cantor does not control that question for at least three reasons. The first reason is that back in 1988, the sentencing provision that is under constitutional attack here did not even exist. Back in 1988, the sentencing exposure for a first-time offender of the statute was no mandatory minimum, zero years, and a maximum of 10 years. So the statute that we're now challenging, 2251e, which sets forth a 5-year – a 15-year mandatory minimum, is actually 5 years longer than the maximum that existed at the time of Cantor. The 2251e provision that we're challenging now was not enacted until 2003, 15 years after Cantor was decided. So there was absolutely no way that Cantor could have addressed the constitutional validity of the sentencing provision that is under attack here. The second reason why Cantor does not control is that Cantor itself explicitly stated that it was not addressing a Fifth or an Eighth Amendment claim, for that matter, that it was only considering the First Amendment. And that was the – this Court explicitly said that in Cantor. So once again, Cantor could not have addressed the specific Fifth and Eighth Amendment argument that I'm raising here. And the third reason that Cantor does not control is that Cantor was a writ of mandamus that was taken before the trial even occurred. There was no sentence to review in Cantor at all. It wasn't a sentencing case. It was a pretrial case on a writ of mandamus, hence the name United States v. United States District Court for the Central District of California. So Cantor is not a Fifth Amendment, Eighth Amendment sentencing case. It could not have addressed the specific provision that's under attack here because it didn't even exist at the time. Once that is clarified, then I think we can  going to look at, the court did not reverse one of the two counts that the panel did in this case. There were two counts of convictions. The court – this Court reversed one of the two counts. As to the count that remains, this Court simply held that it was bound by Cantor. Well, if it just simply said it was bound by Cantor, it could not have addressed the sentencing claim that's there without saying a word about it, except that Cantor controls. Right, and presumably the panel was well aware of this Court's long line of authority that says when one of multiple counts of conviction is reversed, the sentencing package becomes unbundled. Yeah, but that isn't necessarily – there is broad language that says that one of several, that the whole thing is unbundled, but when you read the cases that approach that particular matter, they've never had a case where they had two concurrent sentences. Every one of the other cases that have been cited by you or anybody else has – has sentences which are dependent on one another. I would respectfully disagree. Well, name one case where there's concurrent sentences where that meant there was a bundling. Bennett. Bennett? United v. Bennett, which was the case. Frankly, I don't think that that – There were two concurrent 121-month sentences in Bennett, and this Court reversed one, and then this Court said we're not going to entertain the sentencing challenge as to the other count because it's premature. The sentencing package has been unbundled. There were two 121-month concurrent sentences in Bennett, and the government hasn't addressed Bennett. We cited it in our opening brief. We cited it in the opposition of their unsuccessful motion to dismiss. So Bennett is your good case because Avala-Aguillano is not your best case. Because in that case, the sentences were dependent on one another. They may have been, but this Court re-articulated. Well, they re-articulated some broad language, but I'm trying to point to the particular position. That broad language is not applicable in every situation. I mean, a district court judge who makes a sentence and who says, this is my sentence, and this is where it is, and I'm giving you a mandatory minimum because I don't think you need more, and then he puts another count together, and he again gives him a mandatory minimum so as not to elongate the sentence at all, but to make the sentence as minimal as he possibly can, runs them concurrently, and they are separate. I don't know how that has to do with bundling that's been addressed in other cases, except a general broad statement that every time it's bundling. If we look at the cases themselves, they're not bundled at all. I would argue that the factual context of this, that the judge is trying to give him as little time as possible, that's all the more reason why the judge should be allowed- Why he gave them both mandatory minimum, the lowest he could give, and run them concurrent. And so therefore, the one which ran it concurrent didn't affect the other which ran it concurrent, so it's not bundled at all. But our contention is that the mandatory minimum was unconstitutional, and given that- Yeah, well, but the honest truth is, if you're going to get to that, then we've got to get to the merit of the issue, and whether there is, in fact, a law of the case or whether there isn't. And you've addressed that, and I'll let you, but I'm again back on the bundling. I don't know whether we can really suggest that you could just add, suggest that our general law on that is what controls, because I can't find a case. If Bennett is the case, I'll look at it again. I believe Bennett is the case. Bennett is the case, but- I'd like to interject a question. I'm not sure I have the answer to Judge Smith's queries, but I want to ask maybe an overly simple question, which assumes, which we'll have to decide, but assumes that these are bundled, even though they're not interdependent, okay? But let's assume that they're bundled, and we have some prior law saying that normally when sentences are bundled, and one conviction is knocked out, you re-sentence. Then it seemed to me, would it be wrong to say that the district court misconstrued our mandate in the first decision, because it was ambiguous in saying we send it back for more further proceedings. And that didn't mean that the district court couldn't address the sentence in the first instance as to the remaining count. And it was mandate to the district court to let the district court consider your constitutional challenges to the sentence, which haven't been considered, right? That's correct, and I don't think that would be wrong at all, and we would welcome that result, and we've actually requested that as an alternative form of relief. And if the court believes, as I can understand, that the district court should get a first crack at this before this court does, I certainly think that's understandable. Also, of course, the ultimate decision could be mooted. I'm certainly welcome to discuss settlement with the government as far as whether we can agree on a reasonable sentence in this case on a remand. But I do think that the court would be, it would be absolutely proper for the court to say that the district court misconstrued the first mandate to send the case back down for consideration of what I believe is a very important constitutional issue in the first instance. And then the court will at least have a fully developed record with a full explanation from the district court to review in a subsequent appeal. So I don't think there's anything wrong with that at all. I see I have about 43 seconds I'll reserve. Thank you for your argument, Counselor. Morning. Kyle Hoffman for the United States. I'd like to suggest that the structure of the government's argument is either this is a case of deja vu all over again, and the case is barred, or it's new, and it's waived. That's the overall structure of the argument. And I won't necessarily rehearse all of that, but go then to the particular point about bundling that was discussed earlier. Mr. Coleman cites Bennett as his best case and suggests that that supports his position. I respectfully disagree. It is true that the case had 120-month concurrent sentences. But my quick reading of it in the library next door was that they were not mandatory minimum sentences, and that makes a big difference. And the reason it makes a big difference is because here the defendant, Mr. Jones, could have been convicted of count one, and he would have gotten 180 months. He could have been convicted of count two alone and gotten 180 months. He could have been convicted of them together. Any which way you slice it, he's going to get 180 months. So if ever there was a case where sentences were not bundled, it's here. Logically, it's just- But counsel, what about his argument that to give the mandatory minimum in this case, you know, without more of a scienter or something, violates the Constitution? Was that considered by the district court? I thought not. Is it your position that that sentencing challenge is waived? Well, my position, Your Honor, is kind of, takes several steps. My first position is that that claim was raised in the first instance in the prior appeal. And I've tried to do my best, including the side-by-side comparisons of the briefs, to suggest- Okay, well, let me just say on that. I saw similarity in the claim that was raised. But I thought earlier, the claim that was raised precisely was a claim that the conviction, that a challenge to liability without the scienter is not a challenge to the sentence. I understand, Your Honor, that that's one way to construe it. Though when you look, just to defend that position one more time, when you look at the specific relief requested, and it's exactly the same, and the cases are exactly the same, I stand on my first point. My second point is, if it wasn't raised, it's waived. And Mr. Coleman's a very inventive lawyer. And I've suggested to this court that if waiver doesn't apply, then we're going to be back here on the 14th Amendment next time around, or on the 10th Amendment next time around. There's a reason for the rule that you bring up challenges the first time around. And that's so that this court isn't having deja vu all over again, again and again. So that's the point of the bring it up first, or you waive it. In relying on the notion that it was handled by the prior panel, are you relying on the fact that his prior due process challenge, albeit to just the conviction, really relied on the enhanced penalties that occurred since Cantor 2 was decided? So in other words, he's saying that there's a due process problem here because the penalties have been so enhanced that the jury instructions must have told the jury of criminal recklessness. And so his due process argument then is inextricably tied to the mandatory minimum sentence, even though it wasn't a direct sentencing challenge. Did I understand your argument correctly? You said better probably than I said it in the brief. That's the argument, yes, particularly when you see the specific relief requested. So I don't know. When I reviewed whether this was bundled or not, and you said you wanted to talk about that, I frankly couldn't come up with a great case that articulates the questions I gave to counsel or articulates your argument to us, where one has determined that in that situation, the sentences are not bundled. I came up with a lot of cases about citing the general rule that counsel cited to me that, frankly, is our law. And so if I'm going to distinguish it at all, I want to find the right case. So where do I go? I mean, I could go back to mandate and how mandate applies, and I could go through that general idea. That gives me into the long, but I guess I didn't find a case that specifically said what I was questioning counsel about or that you've articulated to me. Here's my response, Your Honor, which is I haven't found a case that says, where you've got two separate counts, mandatory minimums on each count, they're run concurrently, they're the same. It's on all fours with this case. That's not bundled. I haven't found that case. What I have found is some language from the very case that's relied on by my opponent, from the Bennett case at 956, where a sentence is unbundled, where the appellate court can only speculate what sentence the district court could have imposed absent consideration of the account later, of the count later vacated. Well, there's no speculation involved here. The count, one count vacated has absolutely no bearing on the count that remains. So I'm going to suggest that the best avenue is the language from Bennett. It's actually a citation to another case from out of circuit on bundling. And it's at page 956 of that opinion. So I hope that responds to Your Honor's question. It does respond. And rather than deja vu all over again, all over again, unless there are further questions, I would submit. I don't have more questions. All right. Thank you. I think you have some time remaining. I'll give you a minute. Thank you. I want to clarify just some things about the record and then go back to where I started. When at the first sentencing, way back when, I did not represent Mr. Jones. He had another appointed lawyer. A claim that the mandatory minimum was unconstitutional was not raised at that time. I then was appointed to take the case on direct appeal. And my first appeal, the bulk of the brief was dedicated to, as Your Honor had indicated, the conviction and that since the time of Cantor, the statute had been amended and therefore, there should be a reckless mens rea element of the offense and the jury instructions were incorrect. That was the bulk of the brief. At the end of the brief, I argued, in the alternative, if you disagree with me about that, our position is that the sentence is unconstitutional, that it violates the Fifth Amendment if there is no mens rea element. So when the government says it's either raised or it's waived, it was raised in the first appeal. The problem is that the prior panel did not address the sentencing argument in its first decision. And this gets back to the beginning, which is that all the prior panel did was say, we are bound by Cantor. But that doesn't, how could Cantor control a question about a sentencing provision that was enacted 15 years after the decision was decided? Cantor could not have ruled on a 2003 amendment to the statute that dramatically increased the sentencing exposure. So the point is that the claim was raised in the first appeal. It just was not addressed, which is why I started with Cantor and is why, if the Court agrees with me that the district court misread the prior panel's mandate and sends the case back down, I would certainly like an explanation that Cantor does not control this question because Cantor was decided 15 years before the current sentencing statute provision that is under attack now was enacted. So this issue was raised, it was not addressed. So when the judge opposed two 15-year mandatory minimum sentences, the judge has never, the district court has never considered whether the mandatory minimum is constitutional. And by the way, we're in a very different position now. When he was at the first sentencing, there were two counts. I think we understand your argument and you've gone over it. There's only one count remaining, which is a strict liability child pornography offense. I understand. Thank you very much. We will submit the case of 125012, United States v. Jones.
judges: Gould, Smith, Nguyen